File No. 201760

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ULVICHE NGAYINO, | : |
| Plaintiffs, | : **Civil Action No.** |
| vs. | : |
| WILLIAM PAUL, QUALITY CARRIERS; and JOHN DOE | : |
| Defendants. | : |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendant, Quality Carriers, Inc., by and through its attorneys, Salmon, Ricchezza, Singer & Turchi, LLP, respectfully aver as follows:

1. At all material times, plaintiff, Ulviche Ngayino, is a citizen of the State of New Jersey. (See Exhibit "A" – Complaint).

2. At all material times, Defendant Quality Carriers, Inc. was and is a corporation incorporated under the laws of State of Illinois with its principle place of business in Tampa, Florida.

3. At all material times, Defendant William Paul was and is a citizen of Sheffield, Massachusetts.

4. Plaintiffs commenced a civil action against defendants in the Superior Court of New Jersey, County of Essex, on or about March 15, 2017. Defendant, Quality Carriers, Inc. received a copy of the Complaint on or about April 7, 2017. Upon information and belief,

{J0291479.DOCX}

Defendant, William Paul, has not yet received or been served with the Complaint. Accordingly, this Petition for Removal is timely, as it is filed within 30 days of Quality Carriers, Inc.'s receipt, through service or otherwise of the first pleading against it pursuant to 28 U.S.C. §1446.

5. A review of Plaintiff's Complaint reveals that it does not contain an *ad damnum* clause. However, the Complaint alleges the following:

> As a direct and proximate result of the negligence of the defendants, the plaintiff was caused to suffer and sustain great pain of mind and body, was forced to undergo much medical treatment, did sustain a permanent injury that has not healed and will not heal to function normally, did sustain a loss of time, livelihood and ability to carry out his normal duties and activities for a long period of time and he will endure the same in the future. .(See Exhibit "A" paragraph 4.)

5. In light of the foregoing, Plaintiff, Ulviche Ngayino, has set forth a claim in which the amount in controversy is in excess of the jurisdictional threshold of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

6. Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between Plaintiffs and Defendants since:

    (a)    At all materials times, plaintiffs were and are a citizen of Newark, State of New Jersey.

    (b)    At all material times, defendant Quality Carriers, Inc. was and is a corporation incorporated under the laws of Illinois with its principle place of business in Tampa, Florida.

    (c)    At all material times, defendant William Paul was and is a citizen of Sheffield, Massachusetts.

7. Upon information and belief, as of this date, Defendant William Paul has not been served with Plaintiffs' Complaint. Therefore, pursuant to Lewis v. Rego Co., 757 F.2d 66 (3rd

{J0291479.DOCX}

Cir. 1985), the consent of William Paul is not required for removal. However, through the undersigned counsel, he consents to removal.

Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446

**WHEREFORE**, Defendant, Quality Carriers, Inc., prays that the above captioned action now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed therefrom to this Honorable Court.

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

By: _____
Jeffrey A. Segal, Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
Attorneys for Defendant, Quality Carriers, Inc.

Date: 4-21-17

{J0291479.DOCX}